**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                          **05-CR-045S**

**JOHN WESLEY DeGOUNETTE, III and**
**ANDREW BUXTON,**

        **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendants, John DeGounette, III ("DeGounette") and Andrew Buxton ("Buxton"), are charged in a multi-count indictment with having violated Title 21 U.S.C. §§ 952(a) and 963 and Title 18 U.S.C. §§ 922(g)(3) and 924(c)(1) and (2). (Docket #13). The defendant Buxton has filed an omnibus motion (Docket #16) which has been joined in by the co-defendant DeGounette (Docket #19) wherein the defendants seek: (1) a bill of particulars; (2) "identities of all governmental informants;" (3) production of Rule 16 Fed. R. Crim. P. materials and information; (4) production of "Brady/Giglio" and *Jencks* materials; (5) "disclosure of evidence pursuant to Rules 404(b), 608 and 609 Federal Rules of Evidence" ("F.R.E."); (6) "preservation of rough

notes and other evidence;" (7) "active counsel participation in *voir dire*;" (8) "pre-trial production of government summaries;" (9) "*voir dire* [of] government experts outside the presence of the jury;" "disclosure of grand jury transcripts;" (10) exclusion of "post-arrest/post-custody statements made by non-testifying alleged co-conspirator/co-defendant;" (11) exclusion of "any testimonial hearsay that is barred by the Sixth Amendment;" (12) "leave to make other motions."

The government has filed a response to these requests. (Docket #18).

Each one of these requests will be separately addressed herein.

## DISCUSSION AND ANALYSIS

**1.     Demand For A Bill Of Particulars:**

The defendants claim that a bill of particulars "is necessary to enable defendant[s]: (1) to prepare for trial; (2) to prevent unfair surprise at the time of trial; (3) to preclude successive prosecutions; and (4) to determine whether certain defenses are available." The defendants further assert that the particulars being sought "are also necessary because the charges in the indictment are so general that they do not advise the defendant[s] of the specific acts of which [they are] accused." (Docket #16, pp. 11-12).

In response, the government asserts that "the defendant[s] [have] received extensive and detailed discovery with regard to the Indictment" as set forth in its letter of March 31, 2005 and therefore, since the "Indictment is simple, straight forward," there is no need for a bill of particulars. (Docket #18, pp. 7-8).

The defendants' request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government as aforesaid, clearly inform the defendants of the essential facts of the crimes charged. As a result, the defendants are not entitled to, nor are they in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th

    Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d
    149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

    **2.**    **Defendants' Request For Identities Of
All Government Informants:**

Since counsel for the government represents "that the government did not utilize the services of any confidential informants in the investigation or prosecution of this matter" (Docket #18, pp. 8-9), this request is DENIED on the basis that it is moot.

    **3.**    **Production Of Rule 16, Fed. R. Crim. P. Materials:**

The defendant[s] move [ ] to compel discovery of all items or information to which the defendant[s] [are] entitled."  (Docket #16, p. 16).

In response, the government asserts that the required Rule 16(a) materials and information have been and will be supplied when available to the defendants and that the government "has already provided the notice requested" by the defendants "pursuant to Federal Rules of Criminal Procedure 12(b)(4)(A)." (Docket #18, p. 9).  As a result, defendants' request is DENIED on the basis that it is moot.

    **4.**    **Production Of *Brady/Giglio/Jencks* Materials:**

The defendants have made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would

-4-

be "exculpatory" to the defendants which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendants have used those labels in their motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the government does not possess any "'exculpatory' material within the contemplation of *Brady*." (Docket #18). The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendants' request for such materials, *i.e., Brady, Giglio* and *Jencks,* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendants.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2

Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendants prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 5.   Disclosure Of Evidence Pursuant To Rules 404(b), 608 and 609 of the F.R.E.:

Counsel for the government has advised the defendants in writing by way of his March 31, 2005 letter addressed to defense counsel (Docket #18, Exhibit 1 attached thereto) that the government "does not intend, pursuant to Federal Rule of Criminal Procedure 404(b) to utilize, in its case in chief, evidence for any of either of the defendants' (sic) prior convictions" but that it "does intend to present evidence of the defendants' prior usage of marijuana, a Schedule I controlled substance, in order to prove a necessary element of Count III of the Indictment.  Other than this, the government does not intend to utilize any evidence pursuant to Federal Rules of Evidence 608 and 609 in its case-in-chief at a trial of the indictment" (sic).  (Docket #18, p. 10).

Based on the government's representations, this request of the defendants is DENIED as being moot.

### 6. Preservation Of Rough Notes And Other Evidence:

Since the government advises that it "will instruct its law enforcement officers to preserve any rough notes or other evidence that they have with regard to this indictment" (Docket #18, p. 11), the defendants' request is DENIED on the basis that it is moot.

### 7. Active Counsel Participation In *Voir Dire*:

Conducting *voir dire* of prospective jurors is a matter normally performed by the trial judge to whom the case has been assigned. However, the trial judge has discretion to allow participation in the *voir dire* process by counsel for the parties in a manner designated by said trial judge. Rule 24(a) Federal Rules of Criminal Procedure. Therefore, defendants' request is DENIED by this Court without prejudice, and it may be renewed by counsel before the trial judge.

### 8. Pre-Trial Production Of Government Summaries:

The defendants "request [ ] that the Court issue an order permitting [them] to examine all summaries, pedagogical devices, and the data underlying such materials at least 45 days in advance of trial." (Docket #16, p. 25). The government advises that it "will produce any material required by Federal Rule of Evidence 1006 that it has in its possession and that it intends to use as evidence in its case-in-chief of this indictment at a time no later than two weeks prior to trial of indictment (sic)." (Docket #18, pp. 11-12).

Rule 1006, F.R.E. does not provide for production of such "summaries" within an express time period, nor do any of the Rules of Criminal Procedure create such a requirement. This is an issue that is best left for resolution by the trial judge to whom this case has been assigned and it can be discussed at the appropriate pre-trial scheduling conference with said trial judge. Therefore, defendants' request is DENIED without prejudice.

### 9. Voir Dire Of Government's Expert Witnesses Outside the Presence Of The Jury:

The defendants request an order pursuant to Rule 104 of the FRE permitting them to "*voir dire* any proposed government experts at trial outside the presence of the jury." This motion is premature and is best left for determination by the trial judge and therefore, said motion is DENIED with the right of the defendants to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) FRE.

### 10. Disclosure Of Grand Jury Transcripts:

The defendants move "the Court, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(C)(1), for disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted" the defendants because they have "a particularized need for the transcripts, . . . , which outweighs the grand jury policy of secrecy." (Docket #16, p. 26).

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburg Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendants as to their "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by them. It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendants pursuant to and in accordance with the provision of 18 U.S.C. § 3500.

It is also pointed out that:

[A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

Furthermore,

An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendants' request for disclosure of the grand jury proceedings is DENIED.

    **11.**    **Exclusion Of Post-Arrest/Post-Custody Statements By Non-Testifying Alleged Co-Conspirator/Co-Defendant:**

The defendants' request to exclude any statements or admissions of co-defendants and coconspirators is DENIED on the basis that such determination is best left to the trial judge during the course of the trial.

> Responsibility for determining whether declarations of an alleged coconspirator should be admitted against another rests on the shoulders of the trial judge.

*United States v. Mastropieri*, 685 F.2d 776, 787-88 (2d Cir. 1982).

    **12.**    **Exclusion Of Testimonial Hearsay Barred By The Sixth Amendment:**

The defendants move "to bar the introduction of any testimonial hearsay by non-testifying persons/witnesses/co-defendants at trial." (Docket #16, p. 28). The issue of admissibility of evidence is best left for the trial judge for resolution at the time of its proffer in the trial. Therefore, defendants' motion is DENIED without prejudice, and the defendants shall have the right to renew such motion at the trial.

    **13.**    **Defendants' Request For Leave To Make Other Motions:**

The defendants request permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein,

by additional discovery provided by the government or investigation made by the defense, and/or any information provided by the government in response to the defendants' demand." (Docket #16, p. 28).  This request is GRANTED subject to the limitations as contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order**.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.
_____
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**

**DATED:**     **Buffalo, New York
                January   30, 2006**